# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
7/15/2020 8:07 PM
Steven D. Grierson
CLERK OF THE COURT

1  BRADLEY J. BELLISARIO, ESQ.
Nevada Bar No. 13452

2  **BELLISARIO LAW P.C.**

3  7495 W. Azure Dr., Ste. 258
Las Vegas, NV 89130

4  T: (702) 936-4784
F: (702) 936-4801

5  E: BradB@BellisarioLaw.com

6  *Attorney for Plaintiff*
*David Walton*

CASE NO: A-20-818068-C
Department 2

7

8                    DISTRICT COURT

9                CLARK COUNTY, NEVADA

10 DAVID WALTON,                          Case No.:
                                          Dept No.:
11           Plaintiff,

12 vs.

13                                        COMPLAINT

SMITH'S FOOD & DRUG CENTERS, INC.
14 A/K/A KROGER AND DOES I-V, AND ROE
   CORPORATIONS, I-V, INCLUSIVE,
15
16           Defendants

17      David Walton ("Plaintiff"), by and through his attorney, Bradley Bellisario, Esq., of

18 Bellisario Law P.C., hereby alleges against Smith's Food & Drug Centers, Inc.; ROE Corporations

19 I-V, and DOES I-V (each of the foregoing identified defendants are hereinafter referred to as

20 "Defendants") as follows:

21

22              I.    PARTIES AND JURISDICTION

23      1.   That Plaintiff DAVID WALTON (hereinafter referred to as "Plaintiff") is and, at all times

24 mentioned herein, was a resident of the State of Nevada, County of Clark.

25      2.   That Defendant SMITH'S FOOD & DRUG CENTERS, INC. a/ka/ Kroger is and, at all

26 times mentioned herein, was a Foreign (Ohio) Corporation with it's principle place of business in

27 the State of Utah.

28 COMPLAINT - 1

3. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES I-V and ROE CORPORATIONS I-V, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as DOES I-V and ROE CORPORATIONS I-V is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES I-V and ROE CORPORATIONS I-V arises out of, but is not limited to, their status as owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors and/or installers of the subject premises and/or the area where the alleged incident occurred as described more fully below, and/or their status as owners, maintainers, managers, operators, inspector, controllers, entrustors, constructors, designers, installers, manufacturers, sellers and/or distributors of the subject dangerous condition, and/or their agency, master/servant or joint venture relationship with said defendant and/or the otherwise responsible parties, including any other entities who are also responsible for the events and claims asserted herein, such as parent and subsidiary companies affiliated with the named or otherwise responsible entities. Moreover, on information and belief, Defendant DOES I-V and ROE CORPORATIONS I-V were involved in the initiation, approval, support or execution of the wrongful/negligent acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware. Plaintiff will ask leave of this Honorable Court to amend this Complain to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

4. At all times relevant herein, Defendants' employees and/or authorized agents contributed to and/or caused the circumstances resulting in the subject incident described below and said

COMPLAINT - 2

employees and/or agents were acting within the course and scope of such employment and/or agency at the time, thereby rendering Defendants liable for the negligent acts of said employees and/or agents under the doctrine of vicarious liability/respondeat superior. The true names and capacities of these employees and agents are presently unknown to Plaintiff at this time, who therefore identifies said individuals by the collective fictitious name of "DOE EMPLOYEES. When true names and capacities of these individuals are ascertained, Plaintiff will seek to amend this Complaint as necessary.

5.  That at all times pertinent, Defendants were agents, servants, employees, or joint ventures of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission and consent of all other named defendants.

6.  That the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada on the premises of Smith's Food & Drug Centers Inc., d/b/a M707 Kroger West/Smith's at 3013 W. Craig Road, North Las Vegas, NV 89032 (hereinafter the "Premises"), which, upon information and belief, at all times mention herein, was owned, maintained, managed, operated, constructed, installed, inspected, and/or controlled by Defendants, and/or that Defendants were otherwise responsible for the area within the Premises where the subject incident occurred, and/or that Defendants were otherwise responsible for the subject dangerous condition that is described more fully below, and/or that Defendants are otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

## II.   GENERAL ALLEGATIONS

7.  That Smith's Food & Drug Center's Inc. operates a grocery store at 3013 W. Craig Rd., Las Vegas, NV 89032 (Store # M706), commonly referred to as "Smith's."

COMPLAINT - 3

8. That on or around July 15, 2018, Plaintiff, DAVID WALTON, was an invitee of Smith's Food & Drug Centers Inc. Mr. Walton drove his vehicle to the property located at 3013 W. Craig Rd. and upon arrival at the property Mr. Walton parked his vehicle in the store parking lot and proceeded to enter the Premises through the front door.

9. Plaintiff DAVID WALTON shopped for grocery items at Smith's Food & Drug Centers Inc., and once Plaintiff had all desired products he proceeded to the self-checkout.

10. That an unknown liquid was on the floor in the self-checkout area.

11. That the unknown liquid created a Dangerous Condition.

12. That the Dangerous Condition was the result of the act of a Smith's employee and/or the Dangerous Condition was on the floor for such a duration of time that a Smith's employee performing their work duties in a reasonable manner should have known, or had actual knowledge of the Dangerous Condition.

13. As Plaintiff approached a self-checkout scanner Plaintiff slipped and fell on the unknown liquid on the floor near the self-checkout scanner. The fall caused Plaintiff to forcefully impact the hard laminate tile / concrete floor with this hand, wrist, elbow, shoulder and knee before coming to complete rest on the ground.

14. After the fall an employee of Smith's Food & Drug Centers, Inc. who was working the self-checkout area approached Plaintiff and observed the liquid on Plaintiff's shorts and on the floor by the self-checkout scanner.

15. Subsequent to the fall, Plaintiff sought medical attention for multiple traumatic injuries, ultimately leading to surgical intervention and extensive post-traumatic accident therapeutic treatments.

/ / /

COMPLAINT - 4

# FIRST CAUSE OF ACTION
## (Premises Liability - Negligence)

16. Plaintiff incorporates paragraphs 1 through 15 as if those paragraphs were fully incorporated herein.

17. That Defendants, as the owners, managers and/or maintainers of the Premises, owed Plaintiff a duty of care to provide a safe environment for Plaintiff, free from dangerous conditions.

18. That Defendants owed Plaintiff a duty of care to adequately maintain and inspect the Premises to ensure that the Premises was free from dangerous conditions.

19. That Defendants owed Plaintiff a duty of care to warn Plaintiff of any non-obvious and dangerous conditions on the Premises.

20. That Defendants knew or reasonably should have known that the subject Dangerous Condition existed on the Premises.

21. That Defendants at all times relevant herein, breached the aforementioned duties of care by, among other things:

    a. Failing to provide Plaintiff with a safe environment, free from hazards that were or should have been recognized by Defendants;

    b. Failing to properly construct and/or inspect the Dangerous Condition, which ultimately caused Plaintiff's injuries and damages;

    c. Permitting and allowing the Dangerous Condition to remain for an unreasonable period of time despite having actual and/or constructive notice of said condition;

    d. Failing to properly warn of the non-obvious and Dangerous Condition; and/or

    e. Otherwise acting in negligent and careless manner by failing to exercise the degree of care required under the circumstances.

22. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general and special damages in an amount in excess of $15,000.00.

23. That as a direct and proximate result of Defendants' actions, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION
### (Premises Liability – Gross Negligence)

24. Plaintiff incorporates paragraphs 1 through 23 as if those paragraphs were fully incorporated herein.

25. That Defendants, as the owners, managers and/or maintainers of the Premises, owed Plaintiff a duty of care to provide a safe environment for Plaintiff, free from dangerous conditions.

26. That Defendants owed Plaintiff a duty of care to adequately maintain and inspect the Premises to ensure that the Premises was free from dangerous conditions.

27. That Defendants owed Plaintiff a duty of care to warn Plaintiff of any non-obvious and dangerous conditions on the Premises.

28. That Defendants knew or reasonably should have known that the subject Dangerous Condition existed on the Premises.

29. That Defendants at all times relevant herein, breached the aforementioned duties of care by, among other things:

   a. Failing to provide Plaintiff with a safe environment, free from hazards that were or should have been recognized by Defendants;

   b. Failing to properly clean and/or inspect the Dangerous Condition, which ultimately caused Plaintiff's injuries and damages;

   c. Permitting and allowing the Dangerous Condition to remain for an unreasonable period of time despite having actual and/or constructive notice of said condition;

COMPLAINT - 6

d. Failing to properly warn of the non-obvious and Dangerous Condition; and/or

e. Otherwise acting in a negligent and careless manner by failing to exercise the degree of care required under the circumstances.

30. Defendants engaged in actions or omissions in respect to their legal duty of an aggravated character, and/or with willful, wanton disregard for Plaintiff's safety.

31. As a direct and proximate result of Defendant's breach, Plaintiff suffered devastating injuries.

32. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general and special damages in an amount in excess of $15,000.00.

33. That as a direct and proximate result of Defendants' actions, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

### THIRD CAUSE OF ACTION
### (Negligent Hiring)

34. Plaintiff incorporates paragraphs 1 through 33 of the Complaint as though said paragraphs were fully set forth herein.

35. Defendants owed Plaintiff several duties including, but not limited to, the following:

a. The duty to keep Plaintiff safe from the negligent acts of their employees;

b. The duty to provide and hire responsible employees; and

c. The duty to conduct reasonable investigation into the backgrounds of employees.

36. Upon information and belief, Defendants breached these duties by, among other things;

a. Hiring individuals, including DOES EMPLOYEES, who were not qualified and/or competent for their positions;

COMPLAINT - 7

b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, including DOE EMPLOYEES;

c. Failing to implement adequate policies and/or procedures for hiring employees, including DOE EMPLOYEES; and/or

d. Failing to adequately train their employees, including DOES EMPLOYEES.

37. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general and special damages in an amount in excess of $15,000.00.

38. That as a direct and proximate result of Defendants' actions, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FOURTH CAUSE OF ACTION**
**(Negligent Training)**

39. Plaintiff incorporates paragraphs 1 through 38 of the Complaint as though said paragraphs were fully set forth herein.

40. Defendants owed Plaintiff the duty to exercise reasonable care in training and supervision of any and all employees. This duty required by Defendants to train and supervise employees, including DOE EMPLOYEES, to ensure that these employees acted without negligence.

41. Defendants breached this duty when they failed to properly train and supervise DOE EMPLOYEES, whose negligence caused injury to Plaintiff as alleged herein. If Defendants had properly trained and supervised DOE EMPLOYEES, this negligence would not have occurred.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered general and special damages in an amount in excess of $15,000.00.

43. That as a direct and proximate result of Defendants actions, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

COMPLAINT - 8

## FIFTH CAUSE OF ACTION
### (Negligent Retention)

44. Plaintiff incorporates paragraphs 1 through 43 of the Complaint as though said paragraphs were fully set forth herein.

45. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees.

46. Upon information and belief, Defendants breached this duty by negligently retaining employees, including DOE EMPLOYEES, even though they knew, or should have known, that these employees lacked the qualifications and/or competence for their position.

47. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general and special damages in an amount in excess of $15,000.00.

48. That as a direct and proximate result of Defendants' actions, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT - 9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID WALTON, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3. For reasonable attorney's fees and costs;

4. For pre and post judgment interest at the statutory rate; and

5. For such other relief as the Court deems just and proper.

Dated this 15th day of July, 2020.

BRADLEY J. BELLISARIO, ESQ.
Nevada Bar No. 13452
BELLISARIO LAW P.C.
7495 W. Azure Drive, Ste. 258
Las Vegas, NV 89130
T: (702) 936-4784
F: (702) 936-4801
E: BradB@BellisarioLaw.com
*Attorney for Plaintiff*
*David Walton*

COMPLAINT - 10

Electronically Filed
11/17/2020 3:28 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **MDSM**
JERRY S. BUSBY
2 | Nevada Bar #001107
COOPER LEVENSON, P.A.
3 | 3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
4 | (702) 366-1125
FAX: (702) 366-1857
5 | jbusby@cooperlevenson.com
Attorneys for Defendant
6 | SMITH'S FOOD & DRUG CENTERS, INC.

7 | DISTRICT COURT

8 | CLARK COUNTY, NEVADA

9 | DAVID WALTON, | CASE NO.: A-20-818068-C
DEPT. NO.: II
10 | Plaintiff,

11 | vs.

12 | SMITH'S FOOD & DRUG CENTERS, INC. | **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS**
A/K/A KROGER AND DOES I-V, AND
13 | ROE CORPORATIONS, I-V, INCLUSIVE, | **HEARING DATE REQUESTED**

14 | Defendants.

15 | COMES NOW Defendant, SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S"), by

16 | and through its attorney of record, JERRY S. BUSBY ESQ., of the law firm COOPER LEVENSON,

17 | P.A., and submits this Motion to Dismiss for Plaintiff's failure to timely serve the Summons and

18 | Complaint.

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

CLAC 6043437.1

1   This Motion is further made and based on NRCP 4(e), the pleadings and papers on file herein,

2   the Memorandum of Points and Authorities submitted herewith, and any oral argument that may be had

3   at the time of hearing of this matter.

4   Dated this 17th day of November, 2020.

5   COOPER LEVENSON, P.A.

6

7   By   /s/ Jerry S. Busby
        Jerry S. Busby
8       Nevada Bar No. 001107
        3016 West Charleston Boulevard - #195
9       Las Vegas, Nevada 89102
        Attorneys for Defendant
10      SMITH'S FOOD & DRUG CENTERS, INC.

11

12   **MEMORANDUM OF POINTS AND AUTHORITIES**

13   **I.**

14   **OVERVIEW**

15   NRCP 4(e) mandates dismissal of a complaint for failure to timely serve process unless the

16   party who was responsible for service files a motion for enlargement of time to serve process and

17   shows good cause for their delay.

18   Here, Plaintiff filed his Complaint on July 15, 2020, and more than 124 days later has still

19   not served the Complaint. Plaintiff's failure to effect service of process is a clear and obvious

20   violation of NRCP Rule 4(e). Furthermore, Plaintiff has never filed a Motion to Enlarge Time and

21   cannot show good cause for his failure to timely serve the Complaint. Plaintiff's failure to conduct

22   due diligence of determining the proper parties or even a cursory review of available public records

23   does not excuse his responsibility of complying with applicable procedural standards. Therefore,

24   while Plaintiff's accident and his alleged resulting injuries are unfortunate, his failure to act with

25   reasonable diligence requires dismissal of this case.

26   Based on the foregoing and the law and argument below, SMITH'S respectfully requests this

27   Court grant its Motion to Dismiss.

28   ///

2

CLAC 6043437.1

## II.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on October 23, 2019. Plaintiff failed to timely serve SMITH'S with a copy of the Complaint. It has been more than 124 days since Plaintiff filed his Complaint. According to the information available on the Eighth Judicial District Court Portal, Plaintiff requested and this Court issued a Summons July 16, 2020.  Four months have passed since the Summons was issued without any attempted service of process.

## III.

## LEGAL ARGUMENT

**1.  Plaintiff failed to timely serve process.**

NRCP 4(e) reads:

> The summons and complaint must be served upon a defendant no later than 120 days after the complaint is filed, unless the court grants an extension of time under this rule. If service of the summons and complaint is not made upon a defendant before the 120-day service period--or any extension thereof--expires, ***the court must dismiss the action***, without prejudice, as to that defendant upon motion or upon the court's own order to show cause. If a plaintiff files a motion for an extension of time before the 120-day service period--or any extension thereof--expires and shows that good cause exists for granting an extension of the service period, the court must extend the service period and set a reasonable date by which service should be made. (Emphasis added.)

More than 124 days have elapsed since the filing of Plaintiff's Complaint. Given the plain meaning of NRCP Rule 4(e), the case "must" be dismissed unless Plaintiff filed a motion to enlarge time to serve the pleading and can show good cause for his delay. Having done neither in this case, dismissal is mandatory.

**2.  Plaintiff did not seek enlargement of time and cannot show good cause for the untimely service of process.**

In 2004, NRCP 4(i) was amended to add a requirement that a party must file a motion seeking enlargement of time to effect service before the expiration of the 120-day time period. *Saavedra-Sandoval v. Wal-Mart Stores*, Inc., 245 P.3d 1198, 1200 (2010).

/ / /

CLAC 6043437.1

3

Here, Plaintiff did not file a motion to enlarge time to serve the Complaint. Further, he cannot establish good cause for his failure because he has not taken any affirmative steps to serve SMITH'S and advance his case. Moreover, there is no evidence that SMITH'S evaded service or did anything to thwart Plaintiff's efforts to effectuate proper service. SMITH'S is a well-known and established corporation in southern Nevada. Information regarding SMITH'S registered agent is easily accessible even for laypersons, let alone Plaintiff's attorney. Thus, Plaintiff has not been diligent in attempting to serve SMITH'S. Since the filing of his Complaint, Plaintiff has had ample time to serve the same, yet he has done nothing to prosecute his case.

## IV.

## **CONCLUSION**

Plaintiff failed to serve process on SMITH'S. Since the filing of his Complaint, 124 days have passed. Beyond this, Plaintiff did not seek to enlarge time to serve his Complaint and is foreclosed from establishing good cause for his dilatory actions. More importantly, the two-year statute of limitations for personal injury actions in Nevada has run.

Accordingly, for the reasons state above, SMITH'S Motion to Dismiss Plaintiff's Complaint should be granted, and this matter should be dismissed in its entirety.

Dated this 17th day of November, 2020.

COOPER LEVENSON, P.A.


By   /s/ Jerry S. Busby
     Jerry S. Busby
     Nevada Bar No. 001107
     3016 West Charleston Boulevard - #195
     Las Vegas, Nevada  89102
     Attorneys for Defendant
     SMITH'S FOOD & DRUG CENTERS, INC.

4

CLAC 6043437.1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 17th day of November, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Bradley J. Bellisario, Esq.
7495 West Azure Drive – Suite 258
Las Vegas, NV 89130
Attorney for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

CLAC 6043437.1

5

Electronically Filed
11/17/2020 4:15 PM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
****

| | |
|---|---|
| David Walton, Plaintiff(s) | Case No.:   A-20-818068-C |
| vs. | |
| Smith's Food & Drug Centers, Inc., | Department 2 |
| Defendant(s) | |

### NOTICE OF HEARING

Please be advised that the Defendant Smith's Food and Drug Centers Inc's Motion to Dismiss in the above-entitled matter is set for hearing as follows:

**Date:**       December 21, 2020

**Time:**       9:30 AM

**Location:**   RJC Courtroom 03B
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court


By:   /s/ Allison Behrhorst
Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.


By:   /s/ Allison Behrhorst
Deputy Clerk of the Court

Electronically Filed
11/18/2020 8:48 AM
Steven D. Grierson
CLERK OF THE COURT

1  **CSERV**
   JERRY S. BUSBY
2  Nevada Bar #001107
   COOPER LEVENSON, P.A.
3  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
4  (702) 366-1125
   FAX:  (702) 366-1857
5  jbusby@cooperlevenson.com
   Attorneys for Defendant
6  SMITH'S FOOD & DRUG CENTERS, INC.

7

8                              DISTRICT COURT

9                          CLARK COUNTY, NEVADA

10 DAVID WALTON,                          CASE NO.:  A-20-818068-C
                                          DEPT. NO.:  II
11         Plaintiff,

12 vs.

13 SMITH'S FOOD & DRUG CENTERS, INC.
   A/K/A KROGER AND DOES I-V, AND         **CERTIFICATE OF SERVICE**
14 ROE CORPORATIONS, I-V, INCLUSIVE,

15         Defendants.

16         Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and

17 that on this 18th day of November, 2020, I did cause a true copy of the foregoing **DEFENDANT**

18 **SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS** to be placed in the

19 United States Mail, with first class postage prepaid thereon, and addressed as follows:

20         Bradley J. Bellisario, Esq.
           7495 West Azure Drive – Suite 258
21         Las Vegas, NV 89130
           Attorney for Plaintiff

22                              By   /s/ Theresa H. Rutkowski
23                                   An Employee of
                                     COOPER LEVENSON, P.A.
24

25

26

27

28

   CLAC 6053370.1

Electronically Filed
11/18/2020 8:56 AM
Steven D. Grierson
CLERK OF THE COURT

**CSERV**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID WALTON,<br><br>            Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.<br>A/K/A KROGER AND DOES I-V, AND<br>ROE CORPORATIONS, I-V, INCLUSIVE,<br><br>            Defendants. | CASE NO.:  A-20-818068-C<br>DEPT. NO.:  II<br><br><br><br>**CERTIFICATE OF SERVICE** |

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 18th day of November, 2020, I did cause a true copy of the foregoing **NOTICE OF HEARING** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Bradley J. Bellisario, Esq.
7495 West Azure Drive – Suite 258
Las Vegas, NV 89130
Attorney for Plaintiff

By   /s/ Theresa H. Rutkowski
     An Employee of
     COOPER LEVENSON, P.A.

CLAC 6054205.1

1  AFFT
   Bellisario Law
2  Bradley Bellisario, Esq.
   2945 N Martin L King Blvd
3  North Las Vegas , NV 89032
   State Bar No.: 13452
4  Attorney(s) for: Plaintiff(s)

5

Electronically Filed
12/1/2020 10:59 PM
Steven D. Grierson
CLERK OF THE COURT

6              **DISTRICT COURT**
7            **CLARK COUNTY, NEVADA**

8                                              Case No.: A-20-818068-C
9                                              Dept. No.: 2

10  David Walton                               Date:
11         vs                      *Plaintiff(s)*   Time:
    Smith's Food & Drug Centers, Inc., A/K/A Kroger; et al
12                                *Defendant(s)*

13                                              **AFFIDAVIT OF SERVICE**
14

15  I, **Cindy Lee Arnold**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the

16  United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and

17  not a party to or interested in the proceeding in which this affidavit is made.  The affiant received _1_ copy(ies) of

18  the: **Summons; Complaint**  on the **12th** day of **November, 2020** and served the same on the **12th** day of

19  **November, 2020** at **12:25PM** by serving the **Defendant(s)**, **Smith's Food & Drug Centers, Inc., A/K/A Kroger**

20  by personally delivering and leaving a copy at **Corporation Service Company, 112 N. Curry St., Carson City, NV**

21  **89703** with **Kris Osborne, Administrative Assistant** pursuant to NRS 14.020 as a person of suitable age and

22  discretion at the above address, which address is the address of the registered agent as shown on the current

23  certificate of designation filed with the Secretary of State.

24  Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

25

26

27

28

29

30

31

32              I declare under penalty of perjury under the law
                of the state of Nevada that the foregoing is true and correct.
33              Executed this 12th day of November 2020

34

35              Affiant – Cindy Lee Arnold  #: R-2020-12596
36              **Legal Process Service** -    License # 604

(702) 471-7255

Legal Process Service, 724 S. 8th Street, Las Vegas, NV 89101

83

WorkOrderNo**2009512**

Electronically Filed
12/1/2020 10:59 PM
Steven D. Grierson
CLERK OF THE COURT

1  BRADLEY J. BELLISARIO, ESQ.
   Nevada Bar No. 13452
2  **BELLISARIO LAW**
3  7495 W. Azure Dr., Ste. 258
   Las Vegas, NV 89130
4  T: (702) 936-4784
   F: (702) 936-4801
5  E: BradB@BellisarioLaw.com
6  *Attorney for Plaintiff*

7                    DISTRICT COURT

8               CLARK COUNTY, NEVADA

9  DAVID WALTON,                          Case No.: A-20-818068-C
                                          Dept No.: 11
10         Plaintiff,

11
   vs.
12                                        OPPOSITION TO DEFENDANT SMITH'S
                                          FOOD & DRUG CENTERS, INC.'S
13 SMITH'S FOOD & DRUG CENTERS, INC.      MOTION TO DISMISS
   A/K/A KROGER AND DOES I-V, AND ROE
14 CORPORATIONS, I-V, INCLUSIVE,

15         Defendants.

16        COMES NOW Plaintiff, DAVID WALTON, by and through his attorney of record,

17 BRADLEY J. BELLISARIO, Esq. of Bellisario Law, and submits the following OPPOSITION

18 TO DEFENDANT SMITH'S FOOD & DRUG CENTERES, INC.'S MOTION TO DISMISS.
19
20                    STATEMENT OF FACTS

21        This action arises from an incident which occurred on July 15, 2018 in which Plaintiff,

22 David Walton, sustained significant injuries while on Defendant's premises.  On July 15, 2020

23 Plaintiff filed a Complaint in Clark County District Court alleging negligence, gross negligence,
24
   negligent hiring, negligent training, and negligent retention.  On November 12, 2020 Defendant
25
26 was served a copy of the Complaint and Summons by Cindy Lee Arnold of Legal Process Service

27

28

   OPPOSITION TO DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS - 1

(*See* Affidavit of Service attached hereto as Exhibit A).  On November 17, 2020 Defendant's filed their Motion to Dismiss and served the same on November 18, 2020.

LEGAL ARGUMENT

NRCP 4(e) reads:

> The summons and complaint must be served upon a defendant no later than 120 days after the complaint is filed, unless the court grants an extension of time under this rule.  If service of the summons and complaint is not made upon a defendant before the 120-day service period—or any extension thereof—expires, *the court must dismiss the action*, without prejudice, as to that defendant upon motion or upon the court's own order to show cause.  If a plaintiff files a motion for an extension of time before the 120-day service period—or any extension thereof—expires and shows that good cause exists for granting an extension of the service period, the court must extend the service period and set a reasonable date by which service should be made. (Emphasis Added.)

Here, Plaintiff served Defendant's registered agent, Corporation Service Company, on November 12, 2020 (*See* Affidavit of Service attached hereto as Exhibit A).  Plaintiff achieved service within the 120-day service window, therefore Plaintiff did not need to file a motion for the extension of time for service.   Accordingly, Plaintiff successfully served Plaintiff within the 120-day window and service is timely upon Defendant.  Therefore, Defendant's motion to dismiss must be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

OPPOSITION TO DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS - 2

<u>CONCLUSION</u>

Defendant timely served the Complaint and Summons on November 12, 2020. Accordingly, Defendant's Motion to Dismiss must be denied.

Dated this 1st day of December 2020.

_____/s/ Bradley Bellisario, Esq._

Bradley J. Bellisario, Esq.
BELLISARIO LAW
7495 W. Azure Drive, Suite 258
Las Vegas, NV 89130
T: 702.936.4800
F: 702.936.4801
E: bradb@bellisariolaw.com

<u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I certify that I am an employee of BELLISARIO LAW and that on this 1st day of December, 2020, I did cause a true copy of the foregoing <u>OPPOSITION TO DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS</u> to be served upon each of the parties listed below vie electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Jerry Busby
COOPER LEVENSON, P.A.
3016 West Charleston Blvd. #195
Las Vegas, NV 89102
Attorneys for Defendant

_____/s/ Bradley Bellisario_

An Employee of Bellisario Law

OPPOSITION TO DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

OPPOSITION TO DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S MOTION TO DISMISS - 4

1  **AFFT**
Bellisario Law
2  Bradley Bellisario, Esq.
2945 N Martin L King Blvd
3  North Las Vegas,  NV 89032
4  State Bar No.:  13452
Attorney(s) for: Plaintiff(s)

5

6                         **DISTRICT COURT**
7                       **CLARK COUNTY, NEVADA**

8                                                                    Case No.: A-20-818068-C
9                                                                    Dept. No.: **2**
10  **David Walton**                                                 Date:
11          vs                                    *Plaintiff(s)*     Time:
Smith's Food & Drug Centers, Inc., A/K/A Kroger; et al
12                                                *Defendant(s)*

13                                                                    **AFFIDAVIT OF SERVICE**
14

15  I, <u>**Cindy Lee Arnold**</u>, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the
16  United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and
17  not a party to or interested in the proceeding in which this affidavit is made.  The affiant received <u>1</u>  copy(ies) of
18  the: <u>**Summons: Complaint**</u>  on the <u>**12th**</u> day of <u>**November, 2020**</u> and served the same on the <u>**12th**</u> day of
19  <u>**November, 2020**</u> at <u>**12:25PM**</u> by serving the <u>**Defendant(s)**</u>, <u>**Smith's Food & Drug Centers, Inc., A/K/A Kroger**</u>
20  by personally delivering and leaving a copy at <u>**Corporation Service Company, 112 N. Curry St., Carson City, NV**</u>
21  <u>**89703**</u> with  <u>**Kris Osborne, Administrative Assistant**</u> pursuant to NRS 14.020 as a person of suitable age and
22  discretion at the above address, which address is the address of the registered agent as shown on the current
23  certificate of designation filed with the Secretary of State.
24  Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

25

26

27

28

29

30

31                                              I declare under penalty of perjury under the law
32                                              of the state of Nevada that the foregoing is true and correct.
33                                              Executed this 12th day of November 2020
34

35                                              _____
                                                Affiant – Cindy Lee Arnold  #: R-2020-12596
36                                              Legal Process Service -    License # 604

*(left margin vertical text)* Legal Process Service, 724 S. 8th Street, Las Vegas, NV 89101   (702) 471-7255

Electronically Filed
12/3/2020 9:33 AM
Steven D. Grierson
CLERK OF THE COURT

**NWM**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID WALTON, | CASE NO.:  A-20-818068-C |
|       Plaintiff, | DEPT. NO.:  II |
| vs. | |
| SMITH'S FOOD & DRUG CENTERS, INC. A/K/A KROGER AND DOES I-V, AND ROE CORPORATIONS, I-V, INCLUSIVE, | **NOTICE OF WITHDRAWAL OF MOTION** |
|       Defendants. | |

TO:     DAVID WALTON, Plaintiff;

TO:     BRADLEY J. BELLISARIO, ESQ., Attorney for Plaintiff,

      PLEASE TAKE NOTICE that Defendant SMITH'S FOOD & DRUG CENTERS, INC. hereby withdraws its **MOTION TO DISMISS** currently noticed to be heard on December 21, 2020, at 9:30 a.m.

      Dated this 3rd day of December, 2020.

COOPER LEVENSON, P.A.

                      By     /s/ Jerry S. Busby
                          Jerry S. Busby
                          Nevada Bar No. 001107
                          3016 West Charleston Boulevard - #195
                          Las Vegas, Nevada  89102
                          Attorneys for Defendant
                          SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6078421.1

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 3rd day of December, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S NOTICE OF WITHDRAWAL OF MOTION** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Bradley J. Bellisario, Esq.
7495 West Azure Drive – Suite 258
Las Vegas, NV 89130
Attorney for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

CLAC 6078421.1

Electronically Filed
12/4/2020 1:02 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT

CLARK COUNTY, NEVADA

|  |  |
|---|---|
| DAVID WALTON, | CASE NO.:  A-20-818068-C |
| Plaintiff, | DEPT. NO.:  II |
| vs. |  |
| SMITH'S FOOD & DRUG CENTERS, INC. A/K/A KROGER AND DOES I-V, AND ROE CORPORATIONS, I-V, INCLUSIVE, | **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. |  |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 4, 5, 8, 9, 10, 11, 13, 14 and 15 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

**II.**

In response to Paragraph 2 of Plaintiff's Complaint, this answering Defendant denies that it is also known as "Kroger".  This answering Defendant admits the remaining allegations contained in said Paragraph.

**III.**

In response to Paragraph 6 of Plaintiff's Complaint, this answering Defendant admits that it

CLAC 6076977.1

owned, maintained, managed, operated and controlled the SMITH'S store located at 3013 W. Craig Road, North Las Vegas, NV 89032. This answering Defendant denies any remaining allegations contained in said Paragraph.

### IV.

This answering Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

### V.

This answering Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint".

### VI.

This answering Defendant, in response to Paragraph 16 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Premises Liability - Negligence)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### VII.

Paragraphs 17, 18 and 19 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Premises Liability - Negligence)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

### VIII.

This answering Defendant denies each and every allegation contained in Paragraphs 20, 21, 22 and 23 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Premises Liability - Negligence)**".

### IX.

This answering Defendant, in response to Paragraph 24 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Premises Liability – Gross Negligence)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

/ / /

**X.**

Paragraphs 25, 26 and 27 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** (Premises Liability – Gross Negligence)" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

**XI.**

This answering Defendant denies each and every allegation contained in Paragraphs 28, 29, 30, 31, 32 and 33 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Premises Liability – Gross Negligence)**".

**XII.**

This answering Defendant, in response to Paragraph 34 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION** (Negligent Hiring)" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XIII.**

Paragraph 35 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring)**" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

**XIV.**

This answering Defendant denies each and every allegation contained in Paragraphs 36, 37 and 38 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring)**".

**XV.**

This answering Defendant, in response to Paragraph 39 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION** (Negligent Training)" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XVI.**

Paragraph 40 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION**

CLAC 6076977.1

**(Negligent Training)**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**XVII.**

This answering Defendant denies each and every allegation contained in Paragraphs 41, 42 and 43 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Negligent Training)**".

**XVIII.**

This answering Defendant, in response to Paragraph 44 of that portion of Plaintiff's Complaint entitled "**FIFTH CAUSE OF ACTION (Negligent Retention)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XIX.**

Paragraph 45 of that portion of Plaintiff's Complaint entitled "**FIFTH CAUSE OF ACTION (Negligent Retention)**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**XX.**

This answering Defendant denies each and every allegation contained in Paragraphs 46, 47 and 48 of that portion of Plaintiff's Complaint entitled "**FIFTH CAUSE OF ACTION (Negligent Retention)**".

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for his injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of his own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately

4

1  caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and

2  therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced

3  in proportion to said negligence of Plaintiff.

4      WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of his

5  Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

6  further relief as to the Court may deem proper.

7      Dated this 4th day of December, 2020.

8                      COOPER LEVENSON, P.A.

9

10                By   /s/ Jerry S. Busby

11                      Jerry S. Busby
                    Nevada Bar No. 001107

12                      3016 West Charleston Boulevard - #195
                    Las Vegas, Nevada  89102

13                      Attorneys for Defendant
                    SMITH'S FOOD & DRUG CENTERS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 6076977.1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 4th day of December, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Bradley J. Bellisario, Esq.
7495 West Azure Drive – Suite 258
Las Vegas, NV 89130
Attorney for Plaintiff

By  /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

CLAC 6076977.1

Electronically Filed
2/1/2021 7:54 PM
Steven D. Grierson
CLERK OF THE COURT

**SUBT**
Michael A. Kristof, Esq.
Nevada Bar No. 7780
**KRISTOF LAW GROUP**
9960 W. Cheyenne Ave, Ste. 170
Las Vegas, NV 89129
Phone: (702) 703-2838
Fax:   (702846-0818
michael@kristoflawgroup.com
Attorneys for Plaintiff

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID WALTON, individually | )  Case No.: A-20-818068-C |
| | )  Dept.: XIX |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| SMITH'S FOOD & DRUG CENTERS, INC. a/k/a | )  **SUBSTITUTION OF ATTORNEY** |
| KROGER; DOES I - V; and ROE | ) |
| CORPORATIONS  I -V, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

COMES NOW, BRADLEY J. BELLISARIO, ESQ. of BELLISARIO LAW FIRM, attorney

of record for Plaintiff DAVID WALTON, does hereby consent to the substitution of MICHAEL A.

KRISTOF, ESQ. of KRISTOF LAW GROUP as attorney of record for Plaintiff in the above-

captioned matter.

DATED this ____31st____th day of January, 2021.

BELLISARIO LAW FIRM

/s/ Bradley J. Bellisario

BRADLEY J. BELLISARIO, ESQ.
Nevada Bar No. 13452
2945 N. Martin Luther King Boulevard
N. Las Vegas, NV 89032
Attorney for Plaintiff

- 1 -

MICHAEL A. KRISTOF, ESQ. of KRISTOF LAW GROUP does hereby agree to be substituted in the place of BRADLEY J. BELLISARIO, ESQ., ESQ. of BELLISARIO LAW FIRM as attorney of record for Plaintiff, in the above-captioned matter.

KRISTOF LAW GROUP

MICHAEL A. KRISTOF, ESQ.
Nevada Bar No. 7780
9960 W. Cheyenne Ave., Suite 170
Las Vegas, Nevada 89129

I, DAVID WALTON, do hereby consent to the substitution of MICHAEL A. KRISTOF, ESQ. of KRISTOF LAW GROUP as my attorney of record in the place of BRADLEY J. BELLISARIO, ESQ. of BELLISARIO LAW FIRM in the above-captioned matter.

DATED this 27 day of January, 2021.

DAVID WALTON

1

## CERTIFICATE OF SERVICE

2

Pursuant to Nevada Rules of Civil Procedure 5 (b), I hereby certify that on the ___1st th

3

February
day of January, 2021, the **SUBSTITUTION OF ATTORNEYS** was served via electronic

4

5

service to the following counsel of record:

6

Jerry Busby, Esq.
COOPER LEVENSON, P.A.

7

3016 W. Charleston Boulevard, Suite 195
Las Vegas, Nevada 89102

8

Attorneys for Defendants

9

10

/s/ Michael Kristof

11

An Employee of KRISTOF LAW GROUP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

Electronically Filed
2/8/2021 9:43 AM
Steven D. Grierson
CLERK OF THE COURT

1  **REQT**
   Michael A. Kristof, Esq.
2  Nevada Bar No. 7780
   **KRISTOF LAW GROUP**
3  9960 W. Cheyenne Ave, Ste. 170
   Las Vegas, NV 89129
4  Phone: (702) 703-2838
   Fax:   (702846-0818
5  michael@kristoflawgroup.com
   Attorneys for Plaintiff
6

7  **EIGHTH JUDICIAL DISTRICT COURT**

8  **CLARK COUNTY, NEVADA**

9  DAVID WALTON, individually                    )  Case No.: A-20-818068-C
                                                  )  Dept.: XIX
10                                                )
              Plaintiff,                          )
11                                                )
       vs.                                        )
12                                                )
    SMITH'S FOOD & DRUG CENTERS, INC. a/k/a  )  **REQUEST FOR EXEMPTION FROM**
13  KROGER; DOES I - V; and ROE                  )  **ARBITRIATION**
    CORPORATIONS  I -V, inclusive,               )
14                                                )
15            Defendants.                         )
                                                  )
16  _____  )

17

18     Plaintiff hereby requests the above-entitled matter be exempted from arbitration pursuant to

19  Nevada Arbitration Rules 3 and 5, as this case involves an amount in excess of $50,000, exclusive

20  of interest and costs.

21     While the filing of Plaintiff's arbitration exempt request is not timely, in accordance with

22  Nevada Arbitration Rule 5(A), Plaintiff has good cause to support the delayed request. Plaintiff's

23

24  counsel only recently took over the handling of this case from Plaintiff's prior counsel who has

25  temporarily closed his practice for personal reasons. Kristof Law Group is unaware as to why prior

26  counsel did not file a timely petition other than to say this counsel is aware that prior counsel was

27  dealing with significant personal issues – these same issues which have caused him to close his

28

- 1 -

practice. Plaintiff's counsel would ask that there not be a fine for the late filing as Plaintiff only became Kristof Law Group's client on January 21, 2021.

## I.   SUMMARY OF FACTS

This is a negligence/personal injury matter. On July 15, 2018, Plaintiff was shopping at Defendant Smith's Food & Drug Centers, Inc. Plaintiff alleges that after he shopped for his items, he proceeded to the self-checkout area where he slipped and fell on an unknown substance on the floor.

Plaintiff alleges that he sustained severe injuries as a result of Defendant's negligence. Plaintiff's primary injuries were to his right shoulder and left knee. Plaintiff sought treatment for his injuries, which included initial conservative chiropractic care. Unfortunately, it was discovered through MRIs of the right shoulder and left knee that Plaintiff had sustained tears to both areas. Plaintiff was subsequently referred to Dr. Bernard Ong for orthopedic evaluation. Dr. Ong recommended for Plaintiff to undergo left knee arthroscopy, which was performed on January 12, 2019, as well as right shoulder arthroscopy, which was performed on November 21, 2019.

Plaintiff's current medical expenses are as follows:

**Past Medical Expenses**

| | |
|---|---|
| Injury Solutions | $122,223.50 |
| Care Now | TBD |
| Las Vegas Radiology | $9,900.00 |
| Valley Anesthesiology Consultants | $4,800.00 |
| Bernard Ong, M.D. | $16,489.00[1] |
| Affinity Surgery Center | $111,950.00 |
| All Medical | $ 3,074.00 |
| **TOTAL:** | **$268,436.50** |

///

---

[1] This is not a final total. Plaintiff's counsel is in the process of obtaining a current billing ledger.

I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption referenced above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

DATED this 8th day of February, 2021.

KRISTOF LAW GROUP

*/s/ Michael A. Kristof*

MICHAEL A. KRISTOF, ESQ.
Nevada Bar No. 7780
9960 W. Cheyenne Ave., Suite 170
Las Vegas, Nevada 89129

- 3 -

1

**CERTIFICATE OF SERVICE**

2

Pursuant to Nevada Rules of Civil Procedure 5 (b), I hereby certify that on the 8th day

3

of February, 2021, the **REQUEST FOR EXEMPTION FROM ARBITRATION** was

4

served via electronic service to the following counsel of record:

5

6

Jerry Busby, Esq.
COOPER LEVENSON, P.A.

7

3016 W. Charleston Boulevard, Suite 195

8

Las Vegas, Nevada 89102
Attorneys for Defendants

9

10

*/s/ Michael A. Kristof*

11

An Employee of KRISTOF LAW GROUP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

Electronically Filed
2/25/2021 5:06 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

David Walton, Plaintiff(s)

vs.

Smith's Food & Drug Centers, Inc.,

Defendant(s)

CASE NO: A-20-818068-C
DEPT. NO: XIX

## COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: February 08, 2021

EXEMPTION FILED BY: Plaintiff                    OPPOSITION: No

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 25th of February, 2021.

_____
ADR COMMISSIONER

1

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

2

### **NOTICE**

3  Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days

4  from the date you are served with this document within which to file written objections
with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed

5  served three (3) days after the Commissioner's designee deposits a copy of the Decision in
the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the**

6  **time if served electronically (via e-service).**

7      **A copy of the foregoing Commissioner's Decision on Request for Exemption was**
**electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the**

8  **Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

9  *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for

10  Exemption was also:

11  ☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on

12      _____, 2021.

13  ☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed
below at their last known address(es) on _____, 2021.

14

15

16              /s/   Loretta Walker
                      _____
17                    ADR COMMISSIONER'S DESIGNEE

18

19

20

21

22

23

24

25

26

27                              2