JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQUES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID WALTON,<br><br>              Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. A/K/A KROGER AND DOES I-V, AND ROE CORPORATIONS, I-V, INCLUSIVE,<br><br>              Defendants. | Case No.  2:21-cv-00394-JCM-NJK<br><br>**STIPULATION TO EXTEND DISCOVERY SCHEDULE (FIRST REQUEST)** |

Good cause is present for the stipulation under LR II 26-3.

Plaintiff is alleging significant injuries in this case. His deposition was taken on August, 10, 2021. It was learned at his deposition, Plaintiff had several pre-existing injuries and symptoms that may be relevant to the treatment he received subsequent to the subject incident. Specifically, at his deposition taken recently on August 10, 2021, Plaintiff testified prior to the subject incident, he was involved in two (2) serious motor vehicle accidents where he suffered injuries, including possible ligament tears to his left knee, the same left knee that he is claiming was injured as result of the subject incident. Moreover, Plaintiff testified, prior to the subject incident, he suffered a serious injury to his right arm requiring surgery. In the instant case Plaintiff also alleges injuries to the same right shoulder/arm.

In addition, significantly, Plaintiff testified that prior to the subject incident, he was the victim of a criminal assault and battery resulting in his hospitalization with severe and permanent injuries for approximately one year.

CLAC 6519548.1

Furthermore, on April 26, 2021, Plaintiff served his FRCP 26 Initial Disclosures alleging over $122,000.00 in past medical expenses resulting from treatment at a single medical provider – Injury Solutions. At the deposition, during conversations between counsel, it came to light that a thumb drive containing the medical records had inadvertently not been produced by Plaintiff. Plaintiff produced the thumb drive on August 19, 2021.

As a result of the above, additional time is needed to collect Plaintiff's voluminous medical records and allow more time for expert disclosures. Defense counsel has already sent medical records requests to several health care providers, will request additional authorizations from Plaintiff, and send additional medical records requests based on information disclosed during Plaintiff's recent deposition.

In addition, the parties have agreed to submit this case to private mediation. It has already been scheduled to take place November 1, 2021. The additional costs of having to disclose initial experts prior to the mediation, as well as retain rebuttal experts, and have them begin working on the case will work as a barrier to settlement as each side with have had to expend additional significant funds in discovery. If the parties are unable to resolve this matter through mediation, the parties will need time to disclose initial experts.

This request for additional time to conduct discovery is not meant to delay the proceedings nor is it due to any intentional action or delay by the parties. Both parties agree the other has acted in good faith.

IT IS HEREBY STIPULATED AND AGREED, by and between Michael A. Kristof, Esq. of the KRISTOF LAW GROUP, as counsel for Plaintiff DAVID WALTON, and Jerry S. Busby, Esq., of the law firm COOPER LEVENSON, P.A., as counsel for Defendant SMITH'S FOOD & DRUG CENTERS, INC., that all discovery deadlines in this matter be continued for a period of 60 days to allow the parties additional time to complete discovery.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed. R. Civ. P. 26(f) conference;
2. Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).
3. Both parties have served, and responded to, written discovery including interrogatories, requests for admissions, and requests for production of documents.

CLAC 6519548.1

4. Defendant deposed Plaintiff on August 10, 2021.

5. Defendant is still in the process of collecting all of Plaintiff's medical records.

A. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**.

1. Deposition of SMITH'S Rule 30(b)(6) corporate representative.

2. Defendant to identify and collect Plaintiff's medical records.

3. Retain and designate expert witnesses.

4. Depositions of expert witnesses.

5. Defendant has agreed to supplement responses to Plaintiff's First Set of Interrogatories.

B. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

Pursuant to LR II 26-3, good cause is present for the stipulation. This is a premise liability action and Plaintiff is alleging significant injuries. Specifically, Plaintiff's prior medical history, injuries and treatment, recently disclosed during his deposition, and Plaintiff's inadvertent failure to serve complete medical records of Plaintiff's treatment, requires Defendant to request additional medical records from Plaintiff's treating providers. Therefore, the parties in this matter respectfully request a sixty (60) day extension of

discovery deadlines to allow enough time for the parties to depose the witnesses and to complete discovery as a whole.

Simply put, the Defendant cannot recover all of Plaintiff's relevant medical records and have those records examined by its expert witnesses for their reports under the current Scheduling Order.

C. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines in this case be continued 60 days from their present deadlines.

1. **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date be extended 60 days from its present deadline of December 10, 2021, to **Tuesday, February 8, 2022.**

/ / /

3

CLAC 6519548.1

**2. Amending the Pleadings and Adding Parties:** The parties do not seek to extend this deadline, but reserve the right to bring an appropriate motion in the future in the unlikely event that new information is found in discovery that creates the need to amend the pleadings.

**3. Fed. R. Civ. P. 2(a)(2) Disclosures (Experts):** The parties jointly propose that the initial expert disclosure deadline be extended 60 days from its present deadline of October 11, 2021, to **Friday, December 10, 2021**; the rebuttal expert disclosure be extended 61 days from its present deadline of November 10, 2021, to **Monday, January 10, 2022.**

**4. Interim Status Report:** Under recent changes in the rules, the parties will not file an interim status report previously required by LR 26-3.

**5. Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended 60 days from its present deadline of January 10, 2022, to **Friday, March 11, 2022.**

**6. Pretrial Order:** The date for filing the joint pretrial order shall not be later than **Monday, April 11, 2022**, 31 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**7. Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**8. Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

**9. Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73

and at present do not consent to either alternative form of case disposition.

**10. Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre Trial Order.

**11. Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline.  Requests to extend discovery deadlines must comply fully with LR 26-3.

Respectfully submitted this 2nd day of September, 2021.

| KRISTOF LAW GROUP | COOPER LEVENSON, P.A |
|---|---|
| /s/ Michael A. Kristof | /s/Jerry S. Busby |
| MICHAEL A. KRISTOF, ESQ. | JERRY S. BUSBY, ESQ. |
| Nevada Bar No. 007780 | Nevada Bar No. 001107 |
| 9960 W. Cheyenne Ave., Suite 170 | 3016 W. Charleston Blvd.-Suite 195 |
| Las Vegas, NV 89129 | Las Vegas, Nevada 89102 |
| (702) 703-2838 | (702) 366-1125 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| DAVID WALTON | SMITH'S FOOD & DRUG CENTERS, INC. |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: September 3, 2021

CLAC 6519548.1